IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.

                                No.   18-20096-JTF-dkv

SILVIO LUCCHESI,

    Defendant.

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO THE OPENING AND USE OF DEFENDANTS RESIDENCE FOR THE PURPOSE OF DISTRIBUTING AND USING HEROIN BETWEEN SEPTEMBER 1, 2017 AND MARCH 9, 2018

_____

On April 11, 2018, the grand jury returned an indictment against the defendant, Silvio Lucchesi aka "Trace" ("Lucchesi"), charging him with one count of "unlawfully and knowingly open[ing], leas[ing], rent[ing], us[ing], and maintain[ing] his residence at 2254 Littlemore Drive in Memphis, Tennessee, permanently and temporarily, for the purpose of distributing and using heroin, a Schedule I controlled substance" in violation of 21 U.S.C. § 856(a)(1).  (Indictment, ECF No. 1.)  Now before the court is Lucchesi's February 20, 2019 motion *in limine* requesting that the court exclude "all testimony or evidence relating to Defendant's unlawfully and knowingly open[ing], leas[ing], rent[ing], us[ing], or maintaining his residence at

2254 Littlemore Drive in Memphis, Tennessee for the purpose of the distribution or the use of heroin from on or about September 1, 2017 through March 9, 2018." (Mot. *in Limine* 1, ECF No. 39.) The government filed a response on March 4, 2019. (Gov't Resp., ECF No. 43.) On February 21, 2019, the motion was referred to the United States Magistrate Judge for report and recommendation. (ECF No. 42.)

## I.   PROCEDURAL BACKGROUND

Count I of Lucchesi's indictment states that:

> Beginning at a time unknown to the Grand Jury, but through at least on or about March 9, 2018 in the Western District of Tennessee, the defendant, SILVIO LUCCHESI, did unlawfully and knowingly open, lease, rent, use, and maintain his residence at 2254 Littlemore Drive in Memphis, Tennessee, permanently and temporarily, for the purpose of distributing and using heroin, a Schedule I controlled substance under Title 21, United States Code, Section 812 in violation of Title 21, United States Code, Section 856(a)(1).

(Indictment, ECF No. 1.) The indictment did not specify a start date for the conduct. After Lucchesi filed a motion for a bill of particulars, the government specified that the alleged conduct occurred from on or about January 1, 2016 through on or about March 9, 2018. (Gov't Resp. 2, ECF No. 43.)

In the instant motion, Lucchesi seeks to exclude from evidence all testimony or evidence relating to the unlawful and knowing opening, leasing, renting, using, or maintaining of his residence at 2254 Littlemore Drive for the purpose of

2

distribution or the use of heroin between September 1, 2017 and March 9, 2018. (Mot. *in Limine* 1, ECF No. 39.) This includes, specifically, evidence and testimony surrounding the entry into and search of 2254 Littlemore Drive by the Memphis Police Department Organized Crime Unit on or about September 23, 2017 pursuant to Lisa Rathheim's consent. Lucchesi maintains that this evidence is subject to exclusion because he had been removed from 2254 Littlemore Drive via an unlawful detainer warrant filed by his father, the owner of the home, on July 25, 2017, and that his father then entered into a written lease agreement with Lisa Rathheim "for her control of the Littlemore premises effective September 1, 2017." (*Id.* at 2.) Lucchesi argues that "any attempt by the Government to introduce evidence relative to the Indictment from September 1, 2017 would be prejudicial to [him] or otherwise reflect selective prosecution of [him] in that the Government has made no attempt to charge or indict Lisa Rathheim for the same conduct." (*Id.*) Although Lucchesi does not cite to any rule of evidence in his motion, the court assumes that the motion is based on Rule 403 of the Federal Rules of Evidence.

The government maintains that such evidence is, in fact, proper pursuant to Rule 403 because its probative value is not substantially outweighed by prejudice to Lucchesi. (Gov't Resp. 3-4, ECF No. 43.) Furthermore, the government argues that

3

Lucchesi's non-leaseholder status is irrelevant because he still resided at 2254 Littlemore Drive during the time period in question. (*Id.* at 3.) Finally, the government maintains that Lucchesi has "failed to allege the decision to prosecute Lucchesi and not Rathheim was discriminatory or based on any unjustifiable standard." (*Id.* at 4-5.)

II. PROPOSED CONCLUSIONS OF LAW

Lucchesi first argues that the introduction of evidence relative to the September 23, 2017 consent search of 2254 Littlemore Drive would be prejudicial to him. (Mot. *in Limine* 2, ECF No. 39.) In response, the government does not dispute that a detainer warrant was issued and that Lucchesi vacated the premises temporarily but maintains the evidence seized from the September 23, 2017 consent search is still probative of his alleged conduct of opening, maintaining, or using his residence at 2254 Littlemore Drive for the purpose of using heroin because he continued to reside there. (Gov't Resp. 2-3, ECF No. 43.)

Rule 403 provides "[t]he court may exclude relevant evidence if its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). "In order to exclude evidence under [R]ule 403, it must be more than damaging to the adverse party; it must be *unfairly*

4

*prejudicial.*" *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1154 (6th Cir. 1998)(emphasis added). "Of course, 'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it is not material. The prejudice must be 'unfair.'" *Koloda v. General Motors Parts Div.*, 716 F.2d 373 (6th Cir. 1983)(quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)); *see also*, *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999)(quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))("Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis.'"). Thus, the court must apply Rule 403 cautiously and sparingly, fully contemplating the unique complexities of each objection. *Koloda*, 716 F.2d at 373.

The evidence in this instance does not meet the Rule 403 standard for exclusion. Although Lucchesi was not the leaseholder at the time of the September 23, 2017 consent search, the government asserts that the evidence will show that he continued to live at 2254 Littlemore Drive during this time period. Evidence of Lucchesi residing at 2254 Littlemore Drive between September 1, 2017 and March 9, 2018 is probative of his conduct of opening and using his home for the use and sale of

5

heroin as alleged in the indictment. As the government argues, violation of 21 U.S.C. § 856(a)(1) does not require that a defendant be the leaseholder to establish liability for its violation. *United States v. Russell*, 595 F.3d 633, 643 (6th Cir. 2010). Merely living in the residence is enough to "easily prove[]" maintenance of a drug-involved premises in violation of 21 U.S.C. § 856(a)(1). *Id.* (quoting *U.S. v. Verners*, 53 F.3d 291, 296 (10th Cir. 1965). Such evidence, therefore, is significantly probative in Lucchesi's case. Because Lucchesi has failed to establish that it would be substantially more prejudicial than probative, the evidence is not subject to exclusion under Rule 403.

Lucchesi also argues that the evidence relating to the unlawful and knowing opening, leasing, renting, using, or maintaining of his residence at 2254 Littlemore Drive for the purpose of distribution or the use of heroin between September 1, 2017 and March 9, 2018 should be excluded because he would lack standing to object to the September 23, 2017 search as he had vacated the residence prior to September 1, 2017. (Mot. *in Limine* 2-3, ECF No. 39.) In response, the government points out that Lucchesi has not filed a motion to suppress evidence seized during the September 23, 2017 search of 2254 Littlemore Drive, but, if he did, he would have standing to challenge the search because he continued to make 2254 Littlemore Drive his

6

residence, even after the unlawful detainer warrant was filed and after Rathheim entered into a lease agreement with his father effective September 1, 2017. (Gov't Resp 2, ECF No. 43.)

Under the Fourth Amendment, standing to challenge a search depends on whether the person has a "legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). "Overnight guests and temporary residents have a reasonable expectation of privacy in a place where they sleep." *Minnesota v. Olson*, 495 U.S. 91 (1990); *see also*, *United States v. Dunn*, No. 2:08-cv-20429, 2012 WL 1680969 at *5 (W.D. Tenn. Mar. 27, 2012)(holding that a defendant has standing to challenge a search where he was an intermittent overnight guest and kept personal items in the residence); *United States v. Beltran*, No. 02-cr-20100-GV, 2002 WL 1968167 at *3 (W.D. Tenn. Aug. 21, 2002)(holding that the defendant has standing to challenge the search of the home where he had been living there for three and a half months, even though he was not the leaseholder).

Lucchesi's continuous presence in the home after the filing of an unlawful detainer warrant and the signing of a new lease – whether or not he is the leaseholder – gives him a reasonable expectation of privacy in the home at 2254 Littlemore Drive. Lucchesi's argument that introduction of this evidence would be unfairly prejudicial to him is unconvincing. If the evidence

7

showed that he continued to reside there, Lucchesi would have standing to challenge the September 23, 2017 search of the home if he elected to do so.

Finally, Lucchesi argues that any attempt by the government to introduce evidence relative to the September 23, 2017 consent search would be reflective of selective prosecution because the government has made no attempt to charge or indict the leaseholder of 2254 Littlemore Drive for the same conduct. (Mot. *in Limine* 2-3, ECF No. 39.) In response, the government argues that is well within its right to determine whether to prosecute the leaseholder of the residence and that Lucchesi "has failed to allege the decision to prosecute [Lucchesi] and not Rathheim was discriminatory or based on any unjustifiable standard." (Gov't Resp. 4, ECF No. 43.) (*Id.*)

The United States Government has "broad discretion" to enforce federal laws. *Wayte v. United States*, 470 U.S. 598, 607 (1985). This discretion, however, is "subject to constitutional constraints," such as the Due Process Clause of the Fifth Amendment, which requires that "the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *United States v. Armstrong*, 517 U.S. 456, 464 (1996)(quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979) and *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). To meet the "demanding"

8

standard for proving a selective prosecution claim, the claimant must demonstrate that the federal prosecutorial policy had a "discriminatory effect" and that it was "motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 465; *see also*, *United States v. Jones*, 159 F.3d 969, 976 (6th Cir. 1998).

Lucchesi has failed to allege whatsoever that the government's decision to prosecute him, but not to prosecute Rathheim, was based on "an unjustifiable standard such as race, religion, or other arbitrary classification," *Armstrong*, 517 U.S. at 464, and has failed to set forth any evidence that the government has engaged in selective prosecution. He has not alleged or demonstrated that prosecutorial policy has created a "discriminatory effect," or that it was "motivated by a discriminatory purpose." *Id.* at 465. Lucchesi's motion *in limine* simply says "any attempt by the Government to introduce evidence relative to the Indictment from September 1, 2017 would be prejudicial to the [Lucchesi] *or otherwise reflect selective prosecution* of [Lucchesi] in that the Government has made no attempt to charge or indict Lisa Rathheim for the same conduct." (Mot. *in Limine* 2, ECF No. 39.) This is simply not sufficient to allege or demonstrate the discriminatory purpose and discriminatory effect required to establish a selective prosecution claim. Accordingly, the evidence is not subject to exclusion due to selective prosecution.

III.  RECOMMENDATION

For the reasons expressed above, it is recommended that Lucchesi's motion *in limine* to exclude "all testimony or evidence relating to Defendant's unlawful and knowingly open[ing], leas[ing], rent[ing], us[ing], or maintaining his residence at 2254 Littlemore Drive in Memphis, Tennessee for the purpose of the distributing or the use of heroin from on or about September 1, 2017 through March 9, 2018" be denied.

Respectfully submitted this 12th day of June, 2019.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE