# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:18-cr-20096-JTF-1 |
| ) | |
| SILVIO LUCCHESI ) | |
| A/K/A "TRACE", ) | |
| ) | |
| Defendant. ) | |

_____

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION IN LIMINE
_____

Before the Court is Defendant Silvio Lucchesi's Motion In Limine to prevent the government from introducing evidence related to the opening and use of Defendant's residence for the purpose of distributing and using heroin between September 1, 2017 and March 9, 2018; the Motion was filed on February 20, 2019. (ECF No. 39.) Specifically, Defendant requests the Court exclude "all testimony or evidence relating to Defendant's unlawfully and knowingly open[ing], leas[ing], rent[ing], us[ing], or maintaining his residence at 2254 Littlemore Drive in Memphis, Tennessee for the purpose of the distribution or the use of heroin from on or about September 1, 2017 through March 9, 2018." (ECF No. 39, 1.) The United States filed its Response opposing Defendant's Motion In Limine on March 4, 2019. (ECF No. 43.)

The Motion was referred to the Chief Magistrate Judge. (ECF No. 42). On June 12, 2019, the Magistrate Judge issued a Report and Recommendation (the "Report") on Defendant's Motion In Limine, suggesting that the Motion should be denied for three reasons: 1) evidence of Defendant's use of the residence during that time period is "significantly probative" in this case

and does not risk creating a substantial and unfair prejudice to Defendant in violation of Fed. R. Evid. 403; 2) the evidence does not affect Defendant's standing to challenge a law enforcement search of his residence that took place on September 23, 2017; and 3) the evidence is not subject to exclusion due to selective prosecution by the government. (ECF No. 57, 6-9.) The Defendant did not file any objections to the Magistrate Judge's Report and Recommendation.

For the following reasons, the Court finds that the Magistrate's Report and Recommendation should be ADOPTED and Defendant's Motion to Suppress should be DENIED.

## FINDINGS OF FACT

In her Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, the procedural background in this case. (ECF No. 57, 2–4.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court

may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections. 28 U.S.C. § 636(b)(1)(C). However, the district court is not required to review any aspect of the magistrate's report and recommendation that is not objected to by either party. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472, 88 L. Ed. 2d 435 (1985). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Id*. at 151.

## ANALYSIS

The Chief Magistrate Judge recommends that Defendant's Motion in Limine should be denied. (ECF No. 57, 10.) Both parties were required to file objections within fourteen (14) days after the service of the Report. *See* 28 U.S.C § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the Report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Here, neither party filed any objections to the Report within the allotted time.

In the absence of any objections, this Court is encouraged to adopt the Report in its entirety. *Arn*, 474 U.S. at 151. Adopting the Report is consistent with the purposes of § 636, particularly judicial economy and protecting against the "duplication of time and effort" caused when "both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion in Limine.

**IT IS SO ORDERED** on this 27th day of September 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge